No. 89-170

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

BURLINGTON NORTHERN, INC. and
BURLINGTON NORTHERN RAILROAD
COMPANY,

        Plaintiffs,

    -vs-

MONTANA DEPARTMENT OF REVENUE,

        Defendant and Respondent,

    -vs-

BURLINGTON NORTHERN RAILROAD COMPANY
EMPLOYEES,

        Intervenor Plaintiffs and
        Appellants

FILED
'89 OCT 24 AM 10 53
ED SMITH, CLERK
MONTANA SUPREME COURT

APPEAL FROM:  District Court of the First Judicial District,
             In and for the County of Lewis & Clark,
             The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Martin John Elison, Hardin, Montana
        William J. Powell; Powell & Morris, Spokane, Washington

    For Respondent:

        R. Bruce McGinnis, Dept. of Revenue, Helena, Montana
        Stanley T. Kaleczyc; Browning, Kaleczyc, Berry and
        Hoven, Helena, Montana

Submitted on Briefs:  Aug. 3, 1989

Decided: October 24, 1989

Filed:

_____
Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Under 49 U.S.C. § 11504(a)(2), an interstate rail carrier is required to withhold state income tax from the pay of its employees only (1) if the employee earns from the employer more than 50 percent of his pay in the particular state or (2) if the employee is a resident of the particular state, but does not earn more than 50 percent of his pay in any one state.

Under 49 U.S.C. § 11504(d), an interstate rail carrier "shall file income tax information returns and other reports only with" (1) the state of residence of the employee and (2) the state in which the withholding of income tax is required under § 11504(a)(2).

We hold in this case that the Montana Department of Revenue may obtain by administrative subpoena information relating to Montana earnings from an interstate rail carrier respecting its employees although the carrier is not obliged to withhold Montana state income tax, and is not required to file Montana state income tax information returns or other reports under 49 U.S.C. § 11504.

On August 25, 1988, the Department of Revenue issued an administrative subpoena to the tax manager of Burlington Northern Railroad Company, requesting Pay Report 830A for all its employees who worked in Montana for the years 1986 and 1987.

Burlington Northern refused to supply informational pay reports for all such employees claiming exemption from providing tax information under 49 U.S.C. § 11504. On September 29, 1988, Burlington Northern filed an action for declaratory and injunctive relief in the District Court, First Judicial District, Lewis and Clark County. The

Department of Revenue filed an answer to the complaint and counterclaimed for an order from the District Court directing Burlington Northern Railroad to comply with the administrative subpoena issued by the Department.

On October 24, 1988, 62 Burlington Northern employees moved to intervene. The District Court allowed intervention but limited the scope of the intervenor plaintiffs' action to the issue of whether the administrative subpoena should be quashed pursuant to 49 U.S.C. § 11504. On December 8, 1988, the District Court granted a motion for joinder of 65 additional Burlington Northern employees as intervenors.

On February 22, 1989, the District Court rendered judgment, denying Burlington Northern's and the intervenors' motion to quash the administrative subpoena duces tecum, granting Department's motion for judicial enforcement of the administrative subpoena, and dismissing the complaint for declaratory and injunctive relief. From this judgment, the intervenor plaintiffs only have appealed.

From the agreed facts in the pleadings, it is shown that Burlington Northern, Inc. is a corporation doing business in Montana through one or more of its wholly owned subsidiaries. Burlington Northern Railroad Company is a corporation doing a rail carrier business in interstate commerce. Burlington Northern employees, both trainmen and maintenance persons, work both within and outside Montana. These employees are residents of various states.

On August 25, 1988, the Department of Revenue issued an administrative subpoena duces tecum to Burlington Northern, directing it to produce "Pay Report 830A for 1986-1987." The subpoena was returnable on September 30, 1988. In response, Burlington Northern filed its complaint as above stated.

The single issue presented for review is whether 49 U.S.C. § 11504 prohibits the state of Montana from requiring

Burlington Northern under an administrative subpoena duces tecum to provide Pay Report 830A concerning the intervenor plaintiffs, who are residents of Washington, and who do not work more than 50 percent of time or track miles in Montana. Burlington Northern employees base their argument on the Supremacy Clause, and the Commerce Clause of the United States Constitution.

The state of Montana levies a state income tax upon the taxable income of its residents. Section 15-30-103, MCA. A like tax is imposed upon every person not a resident of the state on his or her net income from every business, trade, profession or occupation carried on in the state. Section 15-30-105, MCA. The Montana Department of Revenue is authorized to make such rules and to require such facts and information to be reported as it may deem necessary to enforce the provisions of the state income tax laws. Section 15-30-305, MCA.

On the other hand, 49 U.S.C. § 11504(a)(2), provides:

A rail . . . carrier providing transportation subject to the jurisdiction of the Interstate Commerce Commission . . . shall withhold from the pay of an employee . . . only income tax required to be held by the laws of a state . . .

. . .

(A) in which the employee earns more than 50 percent of the pay received by the employee from the carrier; or

(B) that is the residence of the employee (as shown on the employment records of the carrier), if the employee did not earn in one state or subdivision more than 50 percent of the pay received by the employee from the carrier during the preceding calendar year.

With respect to filing reports, 49 U.S.C. § 11504(d), provides:

- 4 -

A rail . . . carrier withholding pay from an employee under [§ 11504(a)(2)] shall file income tax information returns and other reports only with--

(1) the state . . . of residence of the employee; and

(2) the state . . . in which withholding of pay is required under [§ 11504(a)(2)].

Burlington Northern employees contend that state laws or regulations permitting the issuance of an administrative subpoena to obtain state earnings information for nonresident employees are in direct conflict with the provisions of § 11504 and therefore under the Supremacy Clause of the United States Constitution, the administrative subpoena has no validity.

The Supremacy Clause of the United States Constitution, Art. VI, Clause 2, reads:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges of every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

When there is a conflict between federal law and the application of an otherwise valid state enactment, the Supremacy Clause requires that the federal law prevail. Hamm v. City of Rock Hill (1964), 379 U.S. 306, 311-312, 85 S.Ct. 384, 389, 13 L.Ed.2d 300, 305.

Burlington Northern relies on the holding in Hamm and also the statement in Aloha Airlines v. Director of Taxation of Hawaii (1983), 464 U.S. 7, 12, 104 S.Ct. 291, 294, 78 L.Ed.2d 10, 15, where the United States Supreme Court said:

[W]hen a federal statute unambiguously forbids the States to impose a particular kind of tax on an industry affecting interstate commerce, courts need not look beyond the plain language of the federal

statute to determine whether a state statute which imposes such a tax is pre-empted.

Burlington Northern employees also rely on the legislative history of § 11504 when it was before Congress, contending that the legislative history indicates a clear intent on the part of Congress to preclude states from obtaining such tax information.

There is a basic flaw in the Supremacy Clause argument posed by Burlington Northern employees in this case. It presupposes that the provisions of § 11504 and the state income tax laws, rules and regulations are in direct conflict. That is not the case. Section 11504 directs itself to two subjects of state income taxation: when states can require interstate rail carriers to withhold taxes from their employees for application of the particular state's income tax laws; and, when the rail carrier can be required by state law to file with the state income tax information returns respecting its employees.

The language of § 11504 and its legislative history clearly indicate the purpose of Congress to relieve carriers engaged in interstate commerce from the burden of withholding income taxes and providing income tax information returns to every jurisdiction over which the carrier operated regardless of the size of those earnings. Congress set out to provide, and did provide, certain minimums under which the rail carriers were not obliged to withhold income taxes for states or other governmental entities, or obliged to file income tax information returns.

In setting those minimums, Congress did not intend to, and the language of the statute of § 11504 shows that it did not prohibit the states or other governmental entities from levying income taxes on earnings by employees of interstate carriers within the jurisdiction of the various governmental

- 6 -

entities. Section 11504 directs itself only to the problem of withholding state income taxes and of filing mandatory reports by the carrier. Neither of these have a direct bearing on the power of a state or other governmental entity to levy income taxes. We hold, as did the District Court, that § 11504 does not preclude a state from obtaining payroll information through the use of a properly issued administrative subpoena. There is, therefore, no conflict to which the Supremacy Clause of the United States Constitution would apply.

The intervenors also argue that enforcement of the administrative subpoena duces tecum issued by the Department of Revenue is an unreasonable burden on interstate commerce.

The Commerce Clause of the United States Constitution (Art. 1, Section 8, Clause 3) provides:

> That Congress shall have Power . . . To regulate Commerce with foreign Nations, and among the several States and with the Indian Tribes;. . .

Again, the intervenors rely on the legislative history of 49 U.S.C. § 11504, wherein the Senate report stated that the legislation was addressed to the problem of those employees who were required by the nature of their employment to work in more than one state on a regular basis. S.Rep. No. 91-1261, 91st Cong. 2d Sess. (1970).

We agree that under the Commerce Clause of the United States Constitution, a state may not enact a law or adopt procedures which unreasonably imposes a direct burden on interstate commerce or discriminates against it. Union Pacific Railroad Company v. Woodahl (D. Mont. 1970), 308 F.Supp. 1002, 1009. Senator Prouty, speaking in favor of the adoption of § 11504 stated on the floor of the Senate on December 3, 1970:

- 7 -

> Nonetheless, Mr. President, the bill which you have
> before you, and which was agreed to in conference,
> is a very great step toward solving the unique tax
> problems of the employees of interstate common
> carriers and, I might add, of the carriers
> themselves. While it does not limit the <u>liability
> of such employees</u>, it does limit the number of
> states which may require withholding from the
> compensation paid to an interstate carrier employee
> to not more than one, and the number of states
> which may require the filing of information returns
> with respect to the compensation of such employees
> to not more than two.

Cong. Record, December 3, 1970, at 40313.

While § 11504 fixes the mandatory duties of employers engaged in interstate commerce to withhold taxes and to file reports respecting earnings in any particular state, the statute does not prohibit the furnishing of earnings information at the request of the state, or under a properly issued administrative subpoena. Since the furnishing of such information is necessary for the Department of Revenue properly to administer and apply the Montana state income tax on nonresident employees, the requirement that Burlington Northern furnish such information pursuant to the administrative subpoena cannot be an unreasonable burden on interstate commerce. We so hold, because for one reason, such employees, while in Montana, enjoy the comfort and protection of Montana's civil and criminal laws, and so must share a proportionate burden of the cost of such protections. Washington Rev. Dept. v. Stevedoring Ass'n. (1978), 435 U.S. 734, 748, 98 S.Ct. 1388, 1398, 55 L.Ed.2d 682, 695.

This Court said:

> The taxing power of a state is an essential power
> of its sovereignty (Citing a case.) This power
> cannot be set aside or limited on weightless
> statements that a federal policy is being
> substantially frustrated.

- 8 -

Commonwealth Edison Co., et al v. State of Montana (1980), 189 Mont. 191, 217, 615 P.2d 847, 861.

We affirm the judgment of the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices